IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN G. WRIETH, | ) | CASE NO. 8:06CV717 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| DARRELL WEBB, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court sua sponte. The plaintiff has not responded to the Court's December 29, 2006 Order granting the plaintiff's motion for IFP, and it is not clear to the court whether the plaintiff wishes to go forward with her case. However, at this time the court will go forward with initial review. Because the plaintiff is proceeding in forma pauperis ("IFP"), the complaint is subject to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2)(B).

### Admonitions

The plaintiff is informed that the court can later enter an order taxing costs in this case. No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over. In addition, even after a motion to proceed IFP has been granted, the court may still revoke IFP status and dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) if the court finds that the complaint is frivolous or malicious. *Kane v. Lancaster Co. Dep't of Corrections*, 960 F. Supp. 219, 222 (D. Neb. 1997) (To determine that a claim is frivolous, the court must find that the claim is based on an indisputably meritless legal theory or that factual contentions are clearly baseless.).

**Initial Review**

When presented with an IFP complaint filed by a nonprisoner, the court is "limited, in terms of sua sponte initial review, to deciding whether the plaintiff's complaint is frivolous or malicious." *Id.* Construed liberally, the court does not find that the complaint is frivolous or malicious. See *Bracken v. Dormire*, 247 F.3d 699, 702-03 (8th Cir. 2001) ("it is our longstanding practice to construe pro se pleadings liberally"). However, the basis for federal jurisdiction is not clear from the plaintiff's complaint. Therefore, the plaintiff shall have until **May 4, 2007** to amend her complaint to state the basis for federal jurisdiction in this case. *See Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990); Fed.R.Civ.P. 12(h)(3) (lack of subject matter jurisdiction is a defense that may be raised at any time, including on appeal, and may not be waived). Upon resolution of the jurisdictional issue, the court will provide plaintiff with the necessary summons and 285-forms to effect service of process on defendant.

THEREFORE, IT IS ORDERED:

1. That the plaintiff shall file an amended complaint stating the basis for federal jurisdiction by **May 4, 2007**; and

2. That the Clerk of Court shall send a copy of this Memorandum and Order to plaintiff at her last known address.

DATED this 16th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge